# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Wilson Andrade<br>SSN: xxx-xx-8095<br><br>Debtor | Chapter 13<br>Case No.16-12449-FJB |

### TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN

Now comes Carolyn Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to confirmation of the Debtor's Third Amended Chapter 13 Plan, (the "Plan"), and for reasons says as follows:

1. The Debtor's Chapter 13 petition was converted from a Chapter 7 to a Chapter 13 on March 30, 2017. On July 12 2017, the Trustee convened and presided at a Section 341 meeting of creditors. The Plan was filed on August 10, 2018.

2. The Trustee cannot recommend the Plan for confirmation.

3. The Plan is miscalculated and internally inconsistent. The Debtor states in Part 2.A. that the Plan term is thirty six 36 months. However, the effective Plan date from the reconversion of the petition from a Chapter 7 back to Chapter 13 was March 30, 2017, which makes the effective date of the Plan May 1, 2017. By utilizing the correct start date of the Plan, the Plan term is fifty one (51) months. Further, the payments proposed in part 2.B. are inconsistent with Exhibit 1 and the total to be paid to the Trustee in Part 2 is insufficient to pay the total cost of the Plan.

4. Further, the Debtor is an Above Median Income Debtor, pursuant to the Chapter 13 Calculation of Your Disposable Income Form 122C-2 (Form 122C-2), which the Debtor filed on August 10, 2018. The Debtor has failed to note the Form 122C-2 was amended. Above Median Income Debtors are obligated to propose a Plan of no less than sixty (60) months if proposing a dividend less than 100% to all creditors.

5. The Debtor's proposed plan cannot be confirmed, as the Plan does not meet the best efforts test of 11 U.S.C. §1325 (b)(1)(B).

6. Part 3.A.(1)(a) fails to lst the address and fair market value of the Debtor's primary residence.

7. Part 3.A, Part 3.B.(2) and Part 3.3. reflect the alteration "SEE NON STANDARD PROVISIONS PART 8". The Debtor certified in Part 9 that the wording in the Plan is identical to Official Form 3, but the Debtor has improperly changed the wording in the Plan as aforementioned.

8. Part 4.B. of the Plan provides for the priority claim of the IRS, but PACER does not reflect a proof of claim for the IRS. Further, the Plan overprovides for the filed general unsecured claims. The Plan is inconsistent with the claims filed.

SAB

SAB

9. Part 4.C.(2) lists under "Total Administrative Expenses" the figure "<u>7.3</u>%". The Trustee cannot determine what the Debtor is referring to or how he intends this to be applied to the Plan.

10. Exhibit 1, Line ( C) provides for the sum of $<u>1,152.00</u> for "Administrative Expenses". The Trustee cannot determine wheat this amount is for as the Debtor is Pro Se and has not filed any Applications for Administrative Expenses with the Court.

11. Finally, in Part 8 of the Plan, the Debtor appears to be attempting to avoid a mortgage by using the Homestead Exemption. A mortgage is not a judicial lien, it is a consensual lien and may not be avoided because it imparts a Homestead Exemption. This issue was raised in the Trustee's Objection of May 31, 2018.

WHEREFORE, the Trustee requests that the Court sustain the objection to confirmation and for such other relief as is proper.

Dated: August 14, 2018

                                    Respectfully submitted,
                                    Carolyn A. Bankowski
                                    Standing Chapter 13 Trustee
                                    /s/ **Carolyn A. Bankowski**
                                    Carolyn A. Bankowski BBO# 631056
                                    Patricia A. Remer BBO# 639594
                                    Office of the Chapter 13 Trustee
                                    P.O. Box 8250
                                    Boston, MA 02114
                                    (617) 723-1313
                                    13trustee@ch13boston.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

In re:

Wilson Andrade
SSN: xxx-xx-8095

Debtor

Chapter 13
Case No.16-12449-FJB

## Certificate of Service

    The undersigned hereby certifies that on the date below a copy of the Trustee's Objection to Debtor's Fourth Amended Chapter 13 Plan was served via first class mail, postage prepaid on the Debtors and Debtors' counsel at the addresses set forth below or by electronic notice.

Date: August 14, 2018

                    /s/ **Carolyn A. Bankowski**
                    Carolyn A. Bankowski

Wilson Andrade                    Pro Se
99A Linwood Ave.
Melrose, MA 02176

SAB